## THOMAS M. BENDEN *vs.* PETER MANNING.

*In an action of assumpsit, although the breach of the promise is a misfeasance injurious to the plaintiff, yet a consideration for the promise must be alleged in the declaration, and must be proved as alleged.*

THIS was a writ of error to the court of common pleas in this county. The original action was assumpsit brought by *Manning* against *Benden,* in which *Manning* alleged in his first count, " that whereas the said *Peter Manning* heretofore, &c., at the special instance and request of the said " *Thomas,* retained and employed him the said *Thomas,* he " then and there being a tailor, in the way of his business " of a tailor, to make a coat for the said *Peter* of great " value, in consideration thereof, and in consideration of a " certain reasonable reward, to wit, the sum of $4 04, to the " said *Thomas,* in that behalf paid ; he the said *Thomas* then " and there undertook and faithfully promised the said *Peter* " to make said coat in a skilful, careful, and proper manner ; " and although the said *Thomas* then and there received " sufficient cloth, &c., yet the said *Thomas,* not regarding " his said promise, &c., but contriving and intending to in- " jure the said *Peter* in this behalf, did not, nor would make " said coat in a skilful and proper manner, but wholly neg- " lected so to do ; and on the contrary thereof, he the said " *Thomas* so unskilfully, carelessly, negligently and improp- " erly made said coat, that by and through the mere un- " skilfulness, &c., of the said *Thomas* in that behalf, the " said coat was greatly damaged, &c., and the said *Benden* " then and there cut and made said coat too small across the " back, and so close under the arms, that it cannot be worn " without great pain," &c.

There was a second count founded upon the breach of a promise to cut a pair of pantaloons in a skilful and proper manner.

*Benden* pleaded that he never promised in manner and form, &c., and put himself upon the country, and *Manning* did the like.

The cause was tried in the common pleas, at February term, 1819. The only evidence which *Manning* offered to the jury to prove the consideration of *Benden's* promises

37

stated in the declaration, was the payment of *Benden's* bill for making the clothes, amounting to $4 04, after the coat was made and delivered to *Manning*. *Benden's* counsel objected that this evidence did not prove the consideration as alleged in the declaration; but the court instructed the jury, that the evidence, if believed, was sufficient to prove the consideration as alleged; and the jury having returned a verdict for *Manning*, *Benden's* counsel filed a bill of exceptions, and brought this writ of error.

*Atherton*, for the plaintiff in error.

*Fletcher* and *Means*, for the defendant.

RICHARDSON, C. J., delivered the opinion of the court.

The action, in which this judgment was rendered, was assumpsit, and the promise described in the first count was alleged to have been made in consideration that *Benden* was employed at his own request to make the coat; and also in consideration of $4 04 paid him by *Manning* in that behalf. The only evidence offered to the jury in proof of this allegation was, that after the coat was made and delivered to *Manning*, he paid *Benden* the sum of $4 04 for making the coat. Nothing can be clearer than that the payment of this sum after the coat was made could not have been the consideration upon which the promise to make the coat was founded. The payment of money, in order to constitute a good consideration, must be made at or before the time when the promise is made. We are very clear that when money paid is alleged to be the consideration of a promise, such allegation is not proved by evidence shewing a payment after the promise is made. There was of course in this case no evidence that had any tendency to prove the alleged consideration of the promise in the first count.

But it has been contended on the part of the defendant in error, that this action is brought to recover damages, not for a mere nonfeazance, but for a misfeazance, and therefore it was unnecessary to allege or prove a consideration. It is very clear, that no man can be liable for the mere non-performance of a promise made without consideration; of course, when an action is brought to recover damages for

the non-performance of a contract, a consideration must be alleged and proved. But when one man does another an injury by unskilfully and improperly doing what he had promised to do, an action may be maintained to recover the damage, although there was no consideration for the promise. The reason of this distinction is very obvious, but it is a distinction that cannot avail the defendant in error. His action was assumpsit, founded upon the breach of certain promises alleged to have been made upon certain considerations. The very gist of the action was the breach of a valid contract. But if the promises were made without consideration, they were mere *nuda pacta,* and no action could be maintained upon them. And if the consideration alleged were not proved, the action was not supported. But if, instead of assumpsit, a special action upon the case had been brought for misfeazance, it is very clear that no consideration need have been alleged or proved. The gist of such an action would have been the misfeazance, and it would have been wholly immaterial whether the contract was a valid one or not. 5 *D. & E.* 143, *Elsee vs. Gatwood.*—2 *Wilson* 359, *Slater vs. Barker.*—1 *Saund.* 312, *note* 2.—*Comyn's Rep.* 133, *Coggs vs. Barnard.*—*Lawes' Plead. in Assumpsit* 61.

We are of opinion that the court below erred in directing the jury that the evidence was sufficient to prove the alleged consideration in the first count, and that the judgment must be reversed.